IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

JEREMY JASON HUGHES,

        Defendant.

CR 05-60052-AA

OPINION AND ORDER

AIKEN, Judge:

On February 7, 2006, the court heard oral argument on defendant's Motion to Dismiss the Indictment. Defendant moves for dismissal of the indictment on grounds that his prior convictions do not constitute predicate felonies to support a charge under 18 U.S.C. § 922(g)(1). The motion is denied.

Defendant is charged with felon in possession of a firearm in

1   - OPINION AND ORDER

violation of 18 U.S.C. § 922(g)(1). Under that provision, it is unlawful for any person who has been convicted of a "crime punishable by imprisonment for a term exceeding one year" to possess firearms that have been shipped or transported in interstate or foreign commerce. 18 U.S.C. § 922(g)(1). Here, the indictment alleges that in 1995, 1996, 1997, defendant was convicted in Oregon state court for delivery or possession of controlled substances.

Defendant does not dispute that the maximum sentence authorized by Oregon statute for each of his prior state convictions exceeds one year. Rather, defendant argues that under Blakely v. Washington, 124 S. Ct. 2531 (2004), the maximum sentence under the relevant Oregon sentencing guidelines applies to determine whether his prior offenses were "punishable" by a term of imprisonment exceeding one year.

However, the Ninth Circuit recently addressed this precise issue and held that "the maximum sentence that makes a prior conviction under state law a predicate offense under 18 U.S.C. § 922(g)(1) remains, after Blakely, the potential maximum sentence defined by the applicable state criminal statute, not the maximum sentence which could have been imposed against the particular defendant for his commission of that crime according to the state's sentencing guidelines" United States v. Murillo, 422 F.3d 1152, 1154 (9th Cir. 2005).

Therefore, defendant's prior convictions for possession and delivery of a controlled substance qualify as predicate felonies for purposes of prosecution under § 922(g)(1).

## CONCLUSION

Defendant's Motion to Dismiss Indictment (doc. 24) is DENIED.

IT IS SO ORDERED.

Dated this 7 day of February, 2006.

*Ann Aiken*
Ann Aiken
United States District Judge

3 - OPINION AND ORDER